ACCEPTED
13-16-00017-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/13/2016 12:19:10 PM
Dorian E. Ramirez
CLERK

#13-16-00017-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/13/2016 12:19:10 PM
DORIAN E. RAMIREZ
Clerk

Thirteenth Court of Appeals, Corpus Christi & Edinburg

**THE STATE OF TEXAS**,

Appellant

v.

**KAREN KENNEDY**,

Appellee

ON STATE'S APPEAL FROM THE COUNTY COURT AT LAW NO. 3
OF NUECES COUNTY, CAUSE #15-CR-1497-3

# STATE'S REPLY BRIEF

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., Nueces County
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................iii

ARGUMENT.......................................................................................................1

    1.   Kennedy's disregard of the Clerk's Record creates no issue about the Complaint and Information that the State filed against her..................................................................................................1

    2.   Kennedy admits to the sufficiency of the Complaint and Information used filed by the State against her .....................................2

    3.   Kennedy's brief does not dispute the State's position ..........................4

PRAYER..............................................................................................................5

CERTIFICATE OF COMPLIANCE ....................................................................6

CERTIFICATE OF SERVICE .............................................................................6

# INDEX OF AUTHORITIES

**<u>Rules</u>**

Tex. R. App. P. 34.1 .......................................................................................2

## ARGUMENT

Kennedy's argument boils down to the following proposition of law:

If the State serves copies of the Complaint and Information in discovery that are unsigned and, thus, could not serve as valid charging instruments if they had been filed as such, then the valid, signed Complaint and Information filed by the State are rendered invalid and should be dismissed.

This is legal and logical nonsense.

### 1. Kennedy's disregard of the Clerk's Record creates no issue about the Complaint and Information that the State filed against her.

Kennedy casts the "question [as] which charging instruments were actually filed, at what time, in what manner, and whether the method of their execution complied with Tex. Crim. Proc. Code." Appellee's brief, at 11. But that question was answered against Kennedy and by proof that was undisputed.

Per the Clerk's Record[1], the State filed only one Complaint and Information against Kennedy, which were fully executed, and did so on April 27, 2015. CR 4, 5. The Clerk's Record reveals that the unsigned

---

[1] "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1.

1

copies of the Complaint and Information upon which Kennedy relies were never filed with the trial court except by Kennedy as attachments to her motion to dismiss. CR 11, 12 (labeled as "Defendant's Exhibit" 1 and 2).

Kennedy speculates that "the point of contention is not a single complaint, but rather two separate complaints." Appellee's brief, at 13. But that statement omits any citation to the record and is baseless. Similarly, Kennedy claims that "there is no evidence of when, or if, the State's proffered charging documents were filed, only when they were signed." *Ibid*. Again, this baseless statement omits any citation to the Clerk's Record. The Clerk's Record proves plainly that the Complaint and Information that the State filed against Kennedy were both signed and filed on April 27, 2015. CR 4, 5.

**2. Kennedy admits to the sufficiency of the Complaint and Information filed by the State against her.**

In her response brief, Kennedy concedes that she attacked the file copies of the Complaint and Information provided to her through discovery, not the Complaint and Information filed by the State—

> The Complaint and Information produced by the State pursuant to Defendant-Appellee's discovery request are unsigned, and the Complaint bears an official stamp from the Clerk of the Court showing that said Complaint was filed on April 27th, 2015.

Appellee's brief, at 8; *see also id.* at 9 ("The State provided no explanation as to how or why its file copies are unexecuted, why unexecuted copies were produced pursuant to Kennedy's discovery request and the executed copies were not, nor why said unexecuted file copies bear an official stamp of the Clerk of the Court indicating they were filed."). While conceding her burden of proof, Kennedy offers no reason why the State must justify documents it did not file to avoid dismissal of the Complaint and Information that it did file.[2]

Moreover, as to the Complaint and Information filed by the State (CR 4, 5), Kennedy admits to their sufficiency—

---

[2] The file copies contain a stamp of the District Clerk but no initials from any clerk showing that they were actually accepted for filing. CR 11, 12. An examination of the Clerk's Record shows that the documents actually filed with the District Clerk contain the initials of the deputy clerks that accepted them for filing. Not serving in discovery a photocopy of the signed Complaint and Information saves the State time and resources.

3

> Defendant-Appellee does not dispute that the charging documents first presented[3] by the State at hearing on January 6, 2016 are facially valid.

Appellee's brief at 10.

> The Complaint and Information on which the State is relying are valid on their faces and Appellant-Defendant has made no argument otherwise.

Appellee's brief at 13.

**3. Kennedy's brief does not dispute the State's position.**

In its principal brief, the State argued that the Complaint and Information filed by the State are facially valid, and that Kennedy could not meet her burden to invalidate them by reference to different documents—unsigned file copies Complaint and Information served in discovery. Kennedy's response? Deflection: "The State makes every attempt to point out the differences between the two Complaints, but to say they are different does nothing to shed light on the conflict." Appellee's brief at 13. Kennedy utterly fails to explain how documents

---

[3] By "presented," Kennedy must mean first when she first saw the official Complaint and Information. But they had been on file since the inception of the case. CR 4, 5. Kennedy's implicit distinction has no bearing of the sufficiency of the Complaint and Information filed by the State. CR 4, 5.

served in discovery—which are not the Complaint and Information filed by the State—could show that the Complaint and Information are somehow invalid. She could not because they cannot.

Further, supposing *arguendo* that Kennedy's baseless theory were true—that the State tried to charge Kennedy by defective, unsigned complaint and information—it would provide no basis to dismiss the signed Complaint and Information filed by the State, which Kennedy admits are facially valid.

## **PRAYER**

For these reasons, the State requests that the Court reverse the trial court's order that dismissed the Information, remand for further proceedings, and grant the State all other proper relief.

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., Nueces County
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 1,155 total words.

## CERTIFICATE OF SERVICE

On May 13, 2016, a true copy of the foregoing was served via eServe on the following:

Mr. Heath Lauseng
The Office of Heath O. Lauseng
919 State Hwy. 361, Ste. 201
Port Aransas, TX 78373
361.749.1858 phone
361.749.0889 fax
heath@moneyandthelaw.com
Appellate Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon